# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO GLORIA-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-615-7

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alejandro Gloria-Reyes pleaded guilty to conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine and was sentenced to 130 months of imprisonment and five years of supervised release. He appeals the district court's denial of his motion to withdraw his guilty plea.

Once the district court accepts a defendant's guilty plea, the defendant has no absolute right to withdraw his guilty plea. FED. R. CRIM. P. 11(d);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41040

*United States v. Conroy*, 567 F.3d 174, 177 (5th Cir. 2009); *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).  A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  *Conroy*, 567 F.3d at 177.

Seven factors are relevant to the determination: (1) whether the defendant asserts his innocence, (2) whether the Government will be prejudiced, (3) whether the defendant delayed filing the motion, (4) whether withdrawal will "substantially inconvenience" the court, (5) whether the defendant had "close assistance" of counsel, (6) whether the plea was knowing and voluntary, and (7) whether withdrawing the plea will waste judicial resources.  *Carr*, 740 F.2d at 343-44.

Gloria-Reyes argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.  He asserts his innocence on the basis that he committed the offense under duress due to threats by the drug owners, arguing that at the time he entered his plea of guilty, he was overwhelmed and scared, and operating under the erroneous belief that presenting his claim of duress to a jury would be detrimental and that his claim of duress could be explained to the sentencing judge who might allow him to be released from custody.  He explains that he did not assert his claim of duress at the time of his arrest because he was afraid he was being followed by the owners of the drugs.  He concedes that he admitted knowledge and agreed to the factual basis when he pleaded guilty.  However, he argues that his statements were made in error because he believed that proceeding to trial might expose his family to harm, and he asserts that his state of mind was adversely affected by these thoughts.

No. 13-41040

The district court considered the factors set forth in *Carr*. The court found that Gloria-Reyes had been represented by a competent and experienced attorney throughout the proceedings, that he had never denied that he knowingly possessed and transported a significant quantity of cocaine, and that his guilty plea was entered knowingly and voluntarily. The court noted that the first mention of duress was made in Gloria-Reyes's response to the presentence report on January 23, 2013, four months after the plea, in which he requested a downward departure, not the withdrawal of the guilty plea. The court further noted the contradictory assertions made by Gloria-Reyes on the eve of sentencing, first in his letter claiming he committed the offense against his will, then in his statement of acceptance of responsibility which contradicted his letter, followed by his motion to withdraw his guilty plea which contradicted his statement of responsibility. The court found Gloria-Reyes's reasons for delaying his motion to withdraw, that he was overwhelmed and scared, not believable. Noting that the motion to withdraw was filed 45 months after the offense occurred, the court concluded that "it is not unreasonable to believe that the Government would have some difficulty preparing a case for trial." Additionally, the court concluded that the withdrawal of Gloria-Reyes's guilty plea would be an inconvenience to the court, explaining that it had a significant criminal docket and that it had expected by now to have sentenced Gloria-Reyes, the last of the eight defendants in this case.

The totality of the circumstances do not show that the district court abused its discretion in denying Gloria-Reyes's motion to withdraw his guilty plea. *See Conroy*, 567 F.3d at 177-78.

AFFIRMED.